IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BROOKE WILSON, | : | |
| | : | Case No. 2:22-cv-4427 |
| Plaintiff, | : | |
| | : | Judge Michael H. Watson |
| vs. | : | |
| | : | Magistrate Judge Elizabeth P. Deavers |
| CITY OF COLUMBUS, | : | |
| | : | |
| Defendant. | : | |

**ANSWER OF DEFENDANT CITY OF COLUMBUS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(JURY DEMAND ENDORSED HEREON)**

Now comes Defendant, City of Columbus, by and through undersigned counsel, and for its Answer to Plaintiff's First Amended Complaint, states as follows:

1. As to the allegations contained in paragraph 1 of the Complaint, Defendant admits only that Plaintiff was employed by the City of Columbus, Division of Police. Defendant denies all the remaining allegations contained in paragraph 1 of the Complaint for lack of knowledge.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant does not dispute subject matter jurisdiction.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant does not dispute venue.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 5 of the Complaint for lack of knowledge.

6. As to the allegations contained in Paragraph 6 of the Complaint, Defendant restates and incorporates by reference each and every response made to Paragraphs 1 through 5 of the Complaint as if restated herein.

7. Defendant admits, upon information and belief, the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegation contained in paragraph 11 of the Complaint for lack of knowledge.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint for lack of knowledge.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint for lack of knowledge.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint for lack of knowledge.

15. Defendant admits, upon information and belief, the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint for lack of knowledge.

18. As to the allegations contained in paragraph 18 of the Complaint, Defendant admits only that IAB Sergeant Shannon Johnson was assigned to investigate the EEO violation alleged by Ms. Dameron and that Sgt. Johnson provided Plaintiff with a copy of a recorded interview with Ms. Dameron. Defendant denies each and every allegation contained in paragraph 18 of the Complaint not expressly admitted herein as true.

19. As to the allegations contained in paragraph 19 of the Complaint, Defendant admits only that Sgt. Johnson and Kathleen Bourke interviewed Plaintiff during the investigation on or about June 15, 2020. Defendant denies each and every allegation contained in paragraph 19 of the Complaint not expressly admitted herein as true.

20. As to the allegations contained in paragraph 20 of the Complaint, Defendant admits only that Plaintiff provided Sgt. Johnson with a copy of his prepared statement. Defendant denies each and every allegation contained in paragraph 20 of the Complaint not expressly admitted herein as true.

21. As to the allegations contained in paragraph 21 of the Complaint, Defendant admits only that Ms. Dameron was interviewed during the investigation on or about June 16, 2020. Defendant denies each and every allegation contained in paragraph 21 of the Complaint not expressly admitted herein as true.

22. As to the allegations contained in paragraph 22 of the Complaint, Defendant admits only that Sgt. Johnson and Ms. Bourke interviewed other officers during the course of the investigation. Defendant denies each and every allegation contained in paragraph 22 of the Complaint not expressly admitted herein as true.

23. As to the allegations contained in paragraph 23 of the Complaint, Defendant admits only that Plaintiff voluntarily requested to take a polygraph examination and that he submitted to a polygraph examination on or about July 24, 2020 where he was asked questions by CPD Polygraphist Randy Stonerock. Defendant denies the remaining allegations contained in paragraph 23 of the Complaint for lack of knowledge.

24. As to the allegations contained in paragraph 24 of the Complaint, Defendant admits only that the results of the polygraph examination showed deception indicated and that the results were reviewed by an outside agency. Defendant denies the remaining allegations contained in paragraph 24 of the Complaint for lack of knowledge.

25. As to the allegations contained in paragraph 25 of the Complaint, Defendant admits only that Ohio Highway Patrol Sgt. Gamel Brimah reviewed the polygraph examination and its results and confirmed it showed deception indicated. Defendant denies each and every allegation contained in paragraph 25 of the Complaint not expressly admitted herein as true.

26. As to the allegations contained in paragraph 26 of the Complaint, Defendant admits only that a second interview was conducted with Plaintiff on or about August 27, 2020. Defendant denies each and every allegation contained in paragraph 26 of the Complaint not expressly admitted herein as true.

27. As to the allegations contained in paragraph 27 of the Complaint, Defendant admits only that Sgt. Johnson and Ms. Bourke submitted their investigation reports at the conclusion of the investigation. Defendant denies each and every allegation contained in paragraph 27 of the Complaint not expressly admitted herein as true.

28. As to the allegations contained in paragraph 28 of the Complaint, Defendant admits only that on or about September 30, 2020 Sgt. Johnson submitted his Internal Affairs Bureau

investigation report which contained a recommendation for a sustained finding of an EEO violation and a violation of other work rules and directives. Defendant denies each and every allegation contained in paragraph 28 of the Complaint not expressly admitted herein as true.

29. As to the allegations contained in paragraph 29 of the Complaint, Defendant admits only that Ms. Bourke submitted here report on or about October 2, 2020 and that she stated in the report that the investigation supports a finding of <u>Sustained</u> for an EEO violation and a violation of other work rules and directives. Defendant denies each and every allegation contained in paragraph 29 of the Complaint not expressly admitted herein as true.

30. As to the allegations contained in paragraph 30 of the Complaint, Defendant admits only that Lt. Marc Dopp found the allegation SUSTAINED and recommended Plaintiff be departmentally charged for violating Rule of Conduct 1.48. Defendant denies each and every allegation contained in paragraph 30 of the Compliant not expressly admitted herein as true.

31. As to the allegations contained in paragraph 31 of the Complaint, Defendant admits only that Lt. Marc Dopp found the allegation SUSTAINED and recommended Plaintiff be departmentally charged for violating Rule of Conduct 1.48. Defendant denies each and every allegation contained in paragraph 31 of the Compliant not expressly admitted herein as true.

32. As to the allegations contained in paragraph 32 of the Complaint, Defendant admits only that the Deputy Chief sustained the charge against Plaintiff and recommended departmental charges for a violation of Rule of Conduct 1.48 which was forwarded through the Chain of Command. Defendant denies each and every allegation contained in paragraph 32 of the Complaint not expressly admitted herein as true.

33. As to the allegations contained in paragraph 33 of the Complaint, Defendant admits only that Rule of Conduct 1.48 states that if resulting departmental charges are sustained, the

standard discipline recommendation shall be suspension and/or termination and that Plaintiff was at all times subject to Rule of Conduct 1.48. Defendant denies each and every allegation contained in paragraph 33 of the Complaint not expressly admitted herein as true.

34. As to the allegations contained in paragraph 34 of the Complaint, Defendant admits only that Plaintiff was charged on or about November 23, 2020 with violating Rules of Conduct 1.36 "Unbecoming Conduct" and 1.48 "Compliance with EEO Laws, Rules, Order, Policies, and Directives." Defendant denies each and every allegation contained in paragraph 34 of the Complaint not expressly admitted herein as true.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. As to the allegations contained in paragraph 36 of the Complaint, Defendant admits only that on or about February 15, 2020 Lt. Lipp communicated with Sgt. Stonerock regarding the polygraph examination and that Sgt. Stonerock responded back to Lt. Lipp. Defendant denies each and every allegation contained in paragraph 36 of the Complaint not expressly admitted herein as true.

37. As to the allegations contained in paragraph 37 of the Complaint, Defendant admits only that a Chief's hearing was conducted on or about December 16, 2020 and that the Chief acknowledged he would not consider the polygraph examination in making his decision on whether to sustain the charges against Plaintiff. Defendant denies each and every allegation contained in paragraph 37 of the Complaint not expressly admitted herein as true.

38. As to the allegations contained in paragraph 38 of the Complaint, Defendant admits only that on or about December 17, 2020 the Chief sustained the charges against Plaintiff and recommended that Plaintiff be suspended for 64 hours, 32 hours for each charge, to be served

concurrently. Defendant denies each and every allegation contained in paragraph 38 of the Complaint not expressly admitted herein as true.

39. As to the allegations contained in paragraph 39 of the Complaint, Defendant admits only that Sgt. Brimah communicated with Lt. Lipp on or about December 18, 2020 regarding the polygraph examination. Defendant denies each and every allegation contained in paragraph 39 of the Complaint not expressly admitted herein as true.

40. As to the allegations contained in paragraph 40 of the Complaint, Defendant admits only that during the investigation it gathered information related to the allegations against Plaintiff. Defendant denies each and every allegation contained in paragraph 40 of the Complaint not expressly admitted herein as true.

41. As to the allegations contained in paragraph 41 of the Complaint, Defendant admits only that on or about February 17, 2021 Lt. Lipp asked Sgt. Johnson to include communication Lt. Lipp had received from Mr. Stonerock regarding the polygraph examination in Plaintiff's investigation file. Defendant denies each and every allegation contained in paragraph 41 of the Complaint not expressly admitted herein as true.

42. As to the allegations contained in paragraph 42 of the Complaint, Defendant admits only that on or about April 5, 2021 Plaintiff was issued a notice from Public Safety Director Pettus of the Director's hearing scheduled on April 15, 2021 and that Plaintiff was provided a complete copy of the investigation. Defendant denies each and every allegation contained in paragraph 42 of the Complaint not expressly admitted herein as true.

43. As to the allegations contained in paragraph 43 of the Complaint, Defendant admits only that during the Director's hearing on April 15, 2021, Plaintiff was permitted to read a prepared statement and the Division of Police acknowledged that the polygraph examination was not

considered. Defendant denies each and every allegation contained in paragraph 43 of the Complaint not expressly admitted herein as true.

44. As to the allegations contained in paragraph 44 of the Complaint, Defendant admits only that the parties discussed a possible settlement but that no agreement was reached and it was understood that Plaintiff had the right to pursue arbitration in accordance with the collective bargaining agreement. Defendant denies each and every allegation contained in paragraph 44 of the Complaint not expressly admitted herein as true.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint for lack of knowledge.

46. As to the allegations contained in paragraph 46 of the Complaint, Safety Director Pettus issued his decision which included a 64-hour suspension and reduction in rank. Defendant denies each and every allegation contained in paragraph 46 of the Complaint not expressly admitted herein as true.

47. As to the allegations contained in paragraph 47 of the Complaint, Defendant admits only that Plaintiff was reduced in rank from Sergeant to Police Officer and kept his regular work hours and assignment. Defendant denies each and every allegation contained in paragraph 47 of the Complaint not expressly admitted herein as true.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. As to the allegations contained in paragraph 50 of the Complaint, Defendant admits only that Plaintiff was administratively reassigned from the Traffic Bureau to the Wellness Bureau which was located at Police Headquarters and that he was told to vacate his former office.

Defendant denies each and every allegation contained in paragraph 50 of the Complaint not expressly admitted herein as true.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. As to the allegations contained in paragraph 52 of the Complaint, Defendant admits only that on or about May 6, 2021 Plaintiff reported for duty at his new assignment at Police Headquarters. Defendant denies each and every allegation contained in paragraph 52 of the Complaint not expressly admitted herein as true.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint for lack of knowledge.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant admits the allegations contained in paragraph 55 of the Complaint.

56. As to the allegations contained in paragraph 56 of the Complaint, Defendant admits only that a Step 4 Grievance was heard by the Public Safety Director. Defendant denies each and every allegation contained in paragraph 56 of the Complaint not expressly admitted herein as true.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. As to the allegations contained in paragraph 58 of the Complaint, Defendant admits only that a Step 4 Grievance Hearing was held at the Safety Director's Office on or about May 27, 2021. Defendant denies each and every allegation contained in paragraph 58 of the Complaint not expressly admitted herein as true.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint for lack of knowledge.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. As to the allegations contained in paragraph 61 of the Compliant, Defendant admits only that an error occurred in Central Payroll and as soon as it was discovered, Plaintiff was paid all monies owed. Defendant denies each and every allegation contained in paragraph 61 of the Complaint not expressly admitted herein as true.

62. As to the allegations contained in paragraph 62 of the Complaint, Defendant admits only that the Public Safety Director denied Plaintiff's grievance. Defendant denies each and every allegation contained in paragraph 62 of the Complaint not expressly admitted herein as true.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. As to the allegations contained in paragraph 64 of the Complaint, Defendant admits only that Plaintiff was administratively reassigned to the Patrol Bureau, effective July 25, 2021 and that his hours would be either 2:00 pm to 10:00 pm or 3:00 pm to 11:00 pm. Defendant denies each and every allegation contained in paragraph 64 of the Complaint not expressly admitted herein as true.

65. As to the allegations contained in paragraph 65 of the Complaint, Defendant admits only that Plaintiff submitted a letter of resignation on or about July 15, 2021 with an effective date of August 7, 2021 at 11:59 pm. Defendant denies each and every allegation contained in paragraph 65 of the Complaint not expressly admitted herein as true.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. As to the allegations contained in paragraph 68 of the Complaint, Defendant admits only that an error occurred in Central Payroll and as soon as it was discovered, Plaintiff was paid all monies owed. Defendant denies each and every allegation contained in paragraph 68 of the Complaint not expressly admitted herein as true.

69. As to the allegations contained in paragraph 69 of the Complaint, Defendant admits only that an arbitration hearing was held on or about October 20, 2021 and that Ms. Dameron testified at the hearing. Defendant denies each and every allegation contained in paragraph 69 of the Complaint not expressly admitted herein as true.

70. As to the allegations contained in paragraph 70 of the Complaint, Defendant admits only that Ms. Dameron denied any discrepancy in her testimony at the hearing, that she reported the incident to Officer Wilbert James and that Officer James reported it to Sgt. Alli. Defendant denies each and every allegation contained in paragraph 70 of the Complaint not expressly admitted herein as true.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

73. Defendant admits the allegations contained in paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. As to the allegations contained in Paragraph 75 of the Complaint, Defendant restates and incorporates by reference each and every response made to Paragraphs 1 through 74 of the Complaint as if restated herein.

76. Paragraph 76 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it committed any unlawful act.

77. Paragraph 77 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 77 of the Complaint but denies it committed any unlawful act.

78. Paragraph 78 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 78 of the Complaint but denies it committed any unlawful act.

79. Defendant admits, upon information and belief, the allegations contained in paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in paragraph 90 of the Complaint.

91. As to the allegations contained in Paragraph 91 of the Complaint, Defendant restates and incorporates by reference each and every response made to Paragraphs 1 through 90 of the Complaint as if restated herein.

92. Paragraph 92 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it committed any unlawful act.

93. Paragraph 93 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 93 of the Complaint but denies it committed any unlawful act.

94. Paragraph 94 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 94 of the Complaint but denies it committed any unlawful act.

95. Paragraph 95 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 95 of the Complaint but denies it committed any unlawful act.

96. Defendant denies the allegations contained in paragraph 96 of the Complaint.

97. Defendant denies the allegations contained in paragraph 97 of the Complaint.

98. Defendant denies the allegations contained in paragraph 98 of the Complaint.

99. Defendant denies the allegations contained in paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in paragraph 104 of the Complaint.

105. Defendant denies the allegations contained in paragraph 105 of the Complaint.

106. As to the allegations contained in Paragraph 106 of the Complaint, Defendant restates and incorporates by reference each and every response made to Paragraphs 1 through 105 of the Complaint as if restated herein.

107. Paragraph 107 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it committed any unlawful act.

108. Paragraph 108 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 108 of the Complaint but denies it committed any unlawful act.

109. Paragraph 109 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 109 of the Complaint but denies it committed any unlawful act.

110. Paragraph 110 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 110 of the Complaint but denies it committed any unlawful act.

111. Defendant denies the allegations contained in paragraph 111 of the Complaint.

112. Defendant denies the allegations contained in paragraph 112 of the Complaint.

113. Defendant denies the allegations contained in paragraph 113 of the Complaint.

114. Defendant denies the allegations contained in paragraph 114 of the Complaint.

115. Defendant denies the allegations contained in paragraph 115 of the Complaint.

116. Defendant denies the allegations contained in paragraph 116 of the Complaint.

117. Defendant denies the allegations contained in paragraph 117 of the Complaint.

118. Defendant denies the allegations contained in paragraph 118 of the Complaint.

119. Defendant denies the allegations contained in paragraph 119 of the Complaint.

120. Defendant denies the allegations contained in paragraph 120 of the Complaint.

121. As to the allegations contained in Paragraph 121 of the Complaint, Defendant restates and incorporates by reference each and every response made to Paragraphs 1 through 120 of the Complaint as if restated herein.

122. Paragraph 122 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it committed any unlawful act.

123. Paragraph 123 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 123 of the Complaint but denies it committed any unlawful act.

124. Paragraph 124 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 124 of the Complaint but denies it committed any unlawful act.

125. Paragraph 125 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 125 of the Complaint but denies it committed any unlawful act.

126. Defendant denies the allegations contained in paragraph 126 of the Complaint.

127. Defendant denies the allegations contained in paragraph 127 of the Complaint.

128. Defendant denies the allegations contained in paragraph 128 of the Complaint.

129. Defendant denies the allegations contained in paragraph 129 of the Complaint.

130. Defendant denies the allegations contained in paragraph 130 of the Complaint.

131. Defendant denies the allegations contained in paragraph 131 of the Complaint.

132. Defendant denies the allegations contained in paragraph 132 of the Complaint.

133. Defendant denies the allegations contained in paragraph 133 of the Complaint.

134. Defendant denies the allegations contained in paragraph 134 of the Complaint.

135. Defendant denies the allegations contained in paragraph 135 of the Complaint.

136. As to the allegations contained in Paragraph 136 of the Complaint, Defendant restates and incorporates by reference each and every response made to Paragraphs 1 through 135 of the Complaint as if restated herein.

137. Paragraph 122 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it committed any unlawful act.

138. Paragraph 138 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 138 of the Complaint but denies it committed any unlawful act.

139. Paragraph 139 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 139 of the Complaint but denies it committed any unlawful act.

140. Defendant admits, upon information and belief, the allegations contained in paragraph 140 of the Complaint.

141. Defendant denies the allegations contained in paragraph 141 of the Complaint.

142. Defendant denies the allegations contained in paragraph 142 of the Complaint.

143. Defendant denies the allegations contained in paragraph 143 of the Complaint.

144. Defendant denies the allegations contained in paragraph 144 of the Complaint.

145. Defendant denies the allegations contained in paragraph 145 of the Complaint.

146. Defendant denies the allegations contained in paragraph 146 of the Complaint.

147. Defendant denies the allegations contained in paragraph 147 of the Complaint.

148. Defendant denies the allegations contained in paragraph 148 of the Complaint.

149. Defendant denies the allegations contained in paragraph 149 of the Complaint.

150. Defendant denies the allegations contained in paragraph 150 of the Complaint.

151. Defendant denies the allegations contained in paragraph 151 of the Complaint.

152. As to the allegations contained in Paragraph 152 of the Complaint, Defendant restates and incorporates by reference each and every response made to Paragraphs 1 through 151 of the Complaint as if restated herein.

153. Paragraph 153 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it committed any unlawful act.

154. Defendant denies the allegations contained in paragraph 154 of the Complaint.

155. Defendant denies the allegations contained in paragraph 155 of the Complaint.

156. Defendant denies the allegations contained in paragraph 156 of the Complaint.

157. Defendant denies the allegations contained in paragraph 157 of the Complaint.

158. Defendant denies the allegations contained in paragraph 158 of the Complaint.

159. Defendant denies the allegations contained in paragraph 159 of the Complaint.

160. Defendant denies each and every allegation in the Complaint not specifically admitted to herein.

161. As to the WHEREFORE clause and sub-clauses contained in the Complaint, Defendant denies Plaintiff is entitled to the relief requested therein or to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

**First Defense**

162. Plaintiff fails to state a claim upon which relief can be granted.

**Second Defense**

163. Plaintiff failed to exhaust administrative remedies that are a pre-requisite to filing this action.

**Third Defense**

164. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**Fourth Defense**

165. Defendant is entitled to all applicable immunities, defenses, setoffs, and limitations on liability as set forth in Chapter 2744 of the Ohio Revised Code.

**Fifth Defense**

166. Plaintiff cannot recover attorney fees from Defendant.

**Sixth Defense**

167. Plaintiff has failed to mitigate damages.

**Seventh Defense**

168. Defendant acted at all times reasonably and with business justification.

**Eighth Defense**

169. Defendant acted at all times in good faith and reasonably believed its conduct was in accordance with the law.

**Ninth Defense**

170. Defendant acted in a proper and non-discriminatory manner towards Plaintiff.

**Tenth Defense**

171. Plaintiff has not suffered an adverse employment action.

**Eleventh Defense**

172. Any damages suffered by Plaintiff, which damages are denied, are the direct result of Plaintiff's own actions and failure to act and have not been caused by any conduct or actions of Defendant.

**Twelfth Defense**

173. Plaintiff did not engage in activities protected by the Constitution of the United States, the Constitution of the State of Ohio, Title VII of the Civil Rights Act of 1964 as amended, Chapter 4112 of the Ohio Revised Code, or any other law.

**Thirteenth Defense**

174. Defendant did not engage in any conduct that could support a claim for discrimination or retaliation.

**Fourteenth Defense**

175. Plaintiff is estopped by his own conduct from brining some or all of his claims.

**Fifteenth Defense**

176. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, res judicata and/or collateral estoppel.

**JURY DEMAND**

Defendants demand a trial by jury as to all issues so triable.


Respectfully submitted,

/s/ Paul M. Bernhart
Paul M. Bernhart (0079543) Trial Attorney
Susan E. Williams (0073375)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street
Columbus, Ohio 43215
(614) 645-7385
(614) 645-6949 (Fax)
pmbernhart@columbus.gov
sewilliams@columbus.gov
*Attorneys for Defendant*
*City of Columbus*

19

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer of Defendant to Plaintiff's First Amended Complaint has been served by operation of this Court's electronic filing system, this 3rd day of April 2023 on the following:

Judith E. Galeano (0048366)
Barbara K. Letcher (0046498)
Phillip T. Kelly (0102198)
Mowery Youell & Galeano, Ltd.
485 Metro Place South, Suite 220
Dublin, Ohio 43017
jgaleano@myglaw.com
bletcher@myglaw.com
pkelly@myglaw.com
*Attorneys for Plaintiff*

/s/ Paul M. Bernhart
Paul M. Bernhart (0079543)